IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CLARENCE CHARLES TROTTER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No.  08 C 2917 |
| TERRY L. MCCANN, Warden, Stateville Correctional Center, | ) ) ) | The Honorable Matthew F. Kennelly, |
| Respondent. | ) ) | Judge Presiding. |

## MOTION TO DISMISS PETITIONER'S UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C. § 2244(d), Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and this Court's June 19, 2008 order, (Doc. 7), respondent TERRY L. MCCANN moves to dismiss petitioner's petition for a writ of habeas corpus as untimely, and states the following in support:

### A.    Factual and Procedural History

*Petitioner's Direct Appeal*

1.    Petitioner Clarence Charles Trotter, identified as prisoner number A63323, is incarcerated at the Stateville Correctional Center in the custody of respondent Warden Terry L. McCann.  In July 1988, following a jury trial in the Circuit Court of Cook County, petitioner was convicted of murder, aggravated criminal sexual assault, aggravated kidnapping, residential burglary, and theft and

was sentenced to natural life imprisonment, with a concurrent 15-year sentence for the residential burglary. *People v. Trotter*, 626 N.E.2d 1104, 1105-06 (Ill. App. 1993). The Appellate Court of Illinois reversed petitioner's conviction and remanded for a new trial. *Id.* at 1113-14. Petitioner was retried and convicted on July 18, 1994, in the Circuit Court of Cook County, of murder, aggravated kidnaping, residential burglary and was sentenced to life imprisonment for murder and an additional 15-year concurrent sentence on the kidnaping and burglary counts. Pet. at 1; Exhibit A at 1.

2.     The appellate court affirmed petitioner's conviction and sentence, but remanded for a limited inquiry on petitioner's post-trial claim of ineffective assistance of counsel pursuant to *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984). Pet. at 2; Exhibit A at 2 (citing *People v. Trotter*, No. 1-95-0477 (1996) (unpublished order under Illinois Supreme Court Rule 23)). Petitioner filed a petition for leave to appeal (PLA) in the Supreme Court of Illinois. Pet. at 2; Exhibit A at 2. Petitioner's PLA from No. 1-95-0447 was denied by the Supreme Court of Illinois on April 2, 1997. Pet. at 2; Exhibit B. The Supreme Court of the United States denied petitioner's petition for a writ of certiorari on June 9, 1997. Pet. at 2; Exhibit C.

3.     Upon remand on the ineffective assistance of counsel issue, the circuit court denied petitioner's post-trial motion on April 30, 1998, and the appellate court affirmed. Exhibit A at 2 (citing *People v. Trotter*, No. 1-98-2424 (2000) (unpublished order under Illinois Supreme Court Rule 23)). The Supreme Court of Illinois denied

petitioner's PLA on May 31, 2000.  Exhibit D.  Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States.

*Petitioner's Postconviction History*

4.      On July 22, 1997, during the limited remand to the circuit court on the *Krankel* ineffective assistance of counsel issue, petitioner filed a pro se "Motion for Transcripts and Appointment of Counsel" pursuant to various Illinois Supreme Court rules.  Exhibit A at 2.  During an in-court hearing on August 20, 1997, the circuit court directed petitioner to file a separate postconviction petition in a separate proceeding; the circuit court reiterated this on December 16, 1997.  Exhibit A at 3.

5.      Over three years later, on June 9, 2000, petitioner filed a pro se "Petition for Writ of Habeas Corpus Instant Relief."  Exhibit A at 3-4.  Petitioner then filed a pro se "Petition for Postconviction Relief / Alternative Relief from Judgment of Conviction Instanter" on June 13, 2001.  Pet. at 3; Exhibit A at 4. Petitioner's counsel filed a supplemental petition on June 25, 2001, and petitioner filed a pro se supplemental petition on April 3, 2003.  Exhibit A at 4.  The trial court eventually dismissed petitioner's postconviction petition.  Pet. at 3; Exhibit A at 4-5.  The appellate court affirmed the judgment of dismissal, holding that: (1) the petition was properly dismissed as untimely; (2) the ineffective assistance of trial counsel issue was barred by waiver and res judicata; and (3) petitioner received reasonable assistance of postconviction counsel.  Exhibit A at *passim*.  The Supreme Court of Illinois denied petitioner's PLA on March 28, 2007.  Exhibit E.  Petitioner

3

did not file a petition for a writ of certiorari in the Supreme Court of the United
States.

*Petitioner's History In This Court*

6.    The present petition was file stamped on May 20, 2008.  (Doc. 1).  The
petition does not contain a proof of service stating when petitioner mailed it to this
Court.[1]  Petitioner dated the petition May 14, 2008.  Pet. at 7.

7.    The following material is submitted as exhibits in support of this
motion:

Exhibit A:    Rule 23 Order, *People v. Trotter*, No. 1-04-992 (Ill. App. Dec. 20,
2006);

Exhibit B:    Order Denying PLA, *People v. Trotter*, No. 82712, 172 Ill. 2d 565
(Apr. 2, 1997);

Exhibit C:    Order Denying Petition for Writ of Certiorari, *Trotter v. Illinois*,
No. 96-8864, 117 S. Ct. 2444 (June 9, 1997);

Exhibit D:    Order Denying PLA, *People v. Trotter*, No. 89333, 189 Ill. 2d 678
(May 31, 2000); and

Exhibit E:    Order Denying PLA, *People v. Trotter*, No. 104070, 223 Ill. 2d
677 (Mar. 28, 2007).

---

[1]  Rule 3(d) of the Rules Governing Section 2254 Cases in the United States
District Court governs the determination of when a petition is filed by a prisoner.
Inmates at Stateville Correctional Center are provided envelopes and postage for all
legal mail pursuant to a 1981 consent decree.  *See Ingram v. Jones*, 507 F.3d 640,
644 n.7 (7th Cir. 2007).  Although the petition is unclear as to whether it was
mailed via the regular mail system or legal mail system at Stateville Correctional
Center, it is likely that the petition was sent via the legal mail system and therefore
a declaration is not required under Rule 3(d).  Regardless, it is apparent that the
petition was mailed in May 2008 which, as explained below, is beyond the one-year
statute of limitations period.

**B.    The Petition Should Be Dismissed Pursuant To The Statute Of Limitations Set Forth In 28 U.S.C. § 2244(d).**

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Lo v. Endicott*, 506 F.3d 572, 574 (7th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(1)). The one-year statute of limitations "runs from the latest of several dates specified as follows:

> (A)    the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (d)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

*Graham v. Borgen*, 483 F.3d 475, 477 (7th Cir. 2007) (citing 28 U.S.C. § 2244(d)(1)). "This limitations period is tolled while a state prisoner seeks postconviction relief in state court: 'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.'" *Lawrence v. Florida*, 549 U.S. __, 127 S. Ct. 1079, 1082 (2007) (quoting 28 U.S.C. § 2244(d)(2)); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005).

Petitioner's statute of limitations period began upon the date that his conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A), as the petition does not suggest that any other subsections — subsection (B) through (D) — would be applicable. This date is determined by the expiration of the time to bring a petition for a writ of certiorari in the Supreme Court of the United States which is 90 days after the lower court decision. SUP. CT. R. 13; *Balsewicz v. Klingston*, 425 F.3d 1029, 1032 (7th Cir. 2005); *Gray v. Briley*, 305 F.3d 777, 778 (7th Cir. 2002) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)). Consequently, petitioner's one-year statute of limitation period began to run on August 29, 2000.

Petitioner cannot demonstrate tolling sufficient to avoid dismissal under the statute of limitations. Petitioner's state postconviction petition was dismissed as untimely and therefore does not toll the one-year statute of limitations period under § 2244(d)(2). *See Allen v. Siebert*, 552 U.S. __, 128 S. Ct. 2, 4 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *Carey v. Saffold*, 536 U.S. 214, 226 (2002) ("When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2).")). Over seven years passed between the date his conviction became final on August 29, 2000, and the date the instant habeas petition was filed in May 2008.

6

Even if this Court disagrees and holds that petitioner's postconviction proceedings did toll the statute of limitations under § 2244(d)(2), the present petition is still untimely.  Petitioner's postconviction period ended on March 28, 2007 when his PLA was denied by the Supreme Court of Illinois.  *See Lawrence*, 127 S. Ct. at 1086; *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000).  The present petition was not filed until May 2008.  Thus, the present petition would be untimely due to the passage of nearly 14 months between the completion of his state postconviction proceedings and the filing of the present petition.

Finally, petitioner appears to raise an equitable tolling argument based on alleged ineffectiveness of postconviction counsel to excuse his violation of the statute of limitations.  Pet. at 7-12.  The Supreme Court has never determined whether § 2244(d) permits equitable tolling, *Lawrence*, 127 S. Ct. at 1085, but the Seventh Circuit has suggested that equitable tolling maybe available in a rare situation when the common law doctrine of equitable tolling does not conflict with the statutory requirements of § 2244(d).  *Lo*, 506 F.3d at 576; *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005); *Williams v. Sims*, 390 F.3d 958, 959-64 (7th Cir. 2004).  However, the Supreme Court and the Seventh Circuit have instructed that allegations of ineffective assistance of counsel are insufficient to warrant equitable tolling.  *See Lawrence*, 127 S. Ct. at 1085 (holding that attorney malfeasance does not warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel); *Johnson v.*

7

*McBride*, 381 F.3d 587, 589-91 (7th Cir. 2004); *Modrowski v. Mote*, 322 F.3d 965, 967-69 (7th Cir. 2003).

Assuming that the limitations period could be equitably tolled, petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 127 S. Ct. at 1085 (quoting *Pace*, 544 U.S. at 418). He can make neither showing. He provides no explanation for why he allowed nearly 14 months to lapse between the conclusion of his state postconviction proceeding and the filing of his federal habeas petition. The only conclusion is that he was not diligently pursuing his rights. Furthermore, there is no indication that there were any extraordinary circumstances that prevented a timely filing. Accordingly, the instant petition for a writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d).

**CONCLUSION**

The petition for a writ of habeas corpus is untimely and should be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).  If this Court disagrees and denies the present motion, respondent requests thirty days from the entry of this Court's order to address the merits and/or any procedural defenses to the present petition.

July 8, 2008                                    Respectfully submitted,

                                               LISA MADIGAN
                                               Attorney General of Illinois

                          By:    /s/ Charles Redfern
                                 CHARLES REDFERN, Bar # 6283811
                                 Assistant Attorney General
                                 100 W. Randolph Street, 12th Floor
                                 Chicago, IL 60601-3218
                                 PHONE: (312) 814-3565
                                 FAX: (312) 814-2253
                                 EMAIL: credfern@atg.state.il.us

9

## CERTIFICATE OF SERVICE

I certify that on July 8, 2008, I electronically filed respondent's **Motion To Dismiss Petitioner's Untimely Petition For Writ of Habeas Corpus** and **Notice of Motion** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of these documents via United States Mail to the following non-CM/ECF user:

> Clarence Charles Trotter
> A-63323
> Stateville Correctional Center
> Route 53
> P.O. Box 112
> Joliet, Illinois 60434

> /s/ Charles Redfern
> CHARLES REDFERN, Bar # 6283811
> Assistant Attorney General
> 100 W. Randolph Street, 12th Floor
> Chicago, IL 60601-3218
> PHONE: (312) 814-3565
> FAX: (312) 814-2253
> EMAIL: credfern@atg.state.il.us

⚡ NOTICE ⚡

The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

THIRD DIVISION
DECEMBER 20, 2006

No. 1-04-0992

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 86 CR 10969 |
| | ) | |
| CLARENCE TROTTER, | ) | The Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |

<u>O R D E R</u>

Defendant, Clarence Trotter, appeals from an order of the trial court dismissing his postconviction petition as untimely and otherwise barred by the doctrines of *res judicata* or waiver. On appeal, defendant contends that his postconviction petition was filed timely or, in the alternative, that he was not culpably negligent for its untimeliness, and that his petition should have proceeded to a third stage evidentiary hearing because he made a substantial showing that his trial counsel was ineffective for failing to present an alibi defense. In addition, defendant contends that he received ineffective assistance of postconviction counsel.

Following a 1994 bench trial,[1] defendant was convicted of murder, aggravated kidnapping

---

[1]This was defendant's second trial; this court reversed his initial conviction resulting from a 1988 jury trial and remanded the case for a new trial. See <u>People v. Trotter</u>, 254 Ill. App. 3d 514 (1993).

EXHIBIT A

1-04-0992

and residential burglary and sentenced to natural life in prison. Prior to his sentencing hearing,

the trial court denied defendant's *pro se* motion for a new trial, in which he argued, *inter alia*,

that his counsel was ineffective for failing to present an alibi defense and for failing to call

numerous specified witnesses. We affirmed defendant's convictions and sentence on appeal, but

remanded the case to the trial court for the purpose of holding an inquiry or limited hearing on

defendant's ineffective assistance of counsel claims pursuant to People v. Krankel, 102 Ill. 2d

181 (1984) (the trial court must investigate a defendant's claim of ineffective assistance of

counsel to determine whether a new trial is warranted). See People v. Trotter, No. 1-95-0477

(1996) (unpublished order under Supreme Court Rule 23). According to defendant, the supreme

court denied defendant's subsequent petition for leave to appeal on April 2, 1997. The trial court

later complied with this court's remand order, but ultimately denied defendant's posttrial motion

on April 30, 1998. Defendant appealed that ruling and this court affirmed, determining that the

trial court "conducted a very thorough investigation into each allegation raised by defendant and

concluded that there was no ineffective assistance of counsel." See People v. Trotter, No. 1-98-

2424 (2000) (unpublished order under Supreme Court Rule 23). Thereafter, the supreme court

denied defendant's subsequent petition for leave to appeal. See People v. Trotter, 189 Ill. 2d 678

(2000).

Meanwhile, on July 22, 1997, defendant filed a *pro se* "Motion for Transcripts and

Appointment of Counsel" pursuant to Supreme Court Rules 471, 604, 605, 607 and 608 (Rule

471 motion) (134 Ill. 2d R. 471; 145 Ill. 2d R. 604; 145 Ill. 2d R. 605; 145 Ill. 2d R. 607; 134 Ill.

2d R. 608). In his accompanying affidavit, defendant averred that he repeatedly requested a

-2-

1-04-0992

complete copy of his "records, transcripts and files" to no avail and that he needed those

documents in order to submit a timely and adequately supported postconviction petition. On

August 20, 1997, the trial court held a status hearing in conjunction with the <u>Krankel</u> remand.

During that hearing, a dialogue ensued regarding defendant's Rule 471 motion. Ultimately, after

learning that counsel was appointed for defendant's direct appeal, the trial court denied

defendant's motion and advised him to obtain the transcripts from his attorney. Defendant then

alerted the court to his reasons for wishing to obtain the transcripts.[2] The trial court replied by

explaining that defendant's claims should be properly brought before the court in a

postconviction petition. The court further limited the proceedings before it to the <u>Krankel</u>

remand. On December 16, 1997, during a subsequent hearing on the <u>Krankel</u> remand, the trial

court again reiterated to defendant that his postconviction claims must be brought in a separate

proceeding. In that vein, the court assigned a separate continuance date for defendant's

postconviction proceedings. In addition, the trial court appointed a public defender to assist

defendant with his postconviction matters. On April 30, 1998, the trial court held the <u>Krankel</u>

hearing, as previously described. On that date, defendant inquired into the status of his

postconviction Rule 471 motion, clarifying that he had only filed a Rule 471 motion at that point

and therefore did not have a postconviction case number. The trial court instructed defendant's

trial attorney to contact his postconviction attorney to assist defendant.

Then, on June 9, 2000, defendant filed a *pro se* "Petition for Writ of Habeas Corpus

---

[2]We note that the transcripts defendant requested would have originated during
defendant's initial trial and seemingly do not exist.

-3-

1-04-0992

Instanter Relief," alleging that his speedy trial rights were violated. On July 12, 2000, defense counsel requested a continuance and noted that defendant had not filed a postconviction petition. Further, defense counsel stated that defendant's habeas corpus petition contained postconviction issues. The trial court responded by stating that "the Post-conviction Act is an expansion of habeas corpus," and granted the continuance. The State subsequently filed a motion to dismiss the pleading.

In open court, on June 13, 2001, defense counsel filed defendant's *pro se* "Petition for Postconviction Relief/Alternative Relief from Judgment of Conviction Instanter" and accompanying exhibits, and requested a continuance to review the pleadings, again noting that no postconviction petition had previously been filed. On June 25, 2001, defense counsel subsequently filed a "Partial Supplemental Post Conviction Petition," and then defendant filed a *pro se* pleading titled "Supplemental Postconviction Issues" on April 3, 2003. The State filed motions to dismiss defendant's postconviction petition and subsequent postconviction pleadings. Then, on January 8, 2004, defendant filed four *pro se* pleadings, one of which was a "Supplemental Postconviction Petition" and the remainder of which were answers to the State's motions to dismiss.[3] On March 9, 2004, the trial court held a hearing on the State's motions to dismiss defendant's postconviction petition and supplemental pleadings, at which time defense

---

[3]The record on appeal contains an order from the trial court summarily dismissing defendant's *pro se* "Supplemental Postconviction Petition" as frivolous and patently without merit. Although the order contains no date and is not file stamped, the contents demonstrate that the order was filed within 90 days of January 8, 2004. Curiously, the trial court addressed the pleading as an initial postconviction petition because the court mistakenly determined that no other postconviction pleading had yet been filed.

-4-

1-04-0992

counsel filed a Rule 651(c) certificate of compliance (134 Ill. 2d R. 651(c)). Ultimately, the

court dismissed the postconviction petition and all related petitions as untimely, and otherwise

barred by the doctrines of *res judicata* or waiver except defendant's claim of ineffective

assistance of appellate counsel. This timely appeal followed.

We review *de novo* a trial court's dismissal of a postconviction petition absent an

evidentiary hearing. People v. Coleman, 183 Ill. 2d 366, 388-89 (1998).

Defendant first contends that the trial court erred in dismissing his postconviction petition

as untimely. Specifically, defendant argues that the trial court recharacterized at least one of his

timely-filed pleadings into a postconviction petition, or, in the alternative, that he was not

culpably negligent for the untimely filing of his actual postconviction petition.

The Post-Conviction Hearing Act (Act) affords defendants an opportunity to challenge

their convictions or sentences for constitutional violations that could not have been raised on

direct appeal. 725 ILCS 5/122-1 *et seq.* (West 2000). In non-capital cases, the Act requires the

defendant to file his postconviction petition not more than 6 six months after the denial of a

petition for leave to appeal or the date for filing such appeal if none is filed, or more than three

years from the date of the defendant's conviction, whichever is sooner, unless the defendant

alleges facts demonstrating that the delay was not due to his culpable negligence. See 725 ILCS

5/122-1(c) (West 2000). For purposes of the Act, the date of conviction is the date the

defendant's sentence was entered. People v. Woods, 193 Ill. 2d 483, 485-86 (2000).

In the instant case, defendant was sentenced on October 26, 1994. Accordingly,

defendant was required to submit his postconviction petition by October 26, 1997. In the

1-04-0992

alternative, despite finding no official support in the record for defendant's assertion that the

supreme court denied his petition for leave to appeal on April 2, 1997, after viewing the facts

liberally in his favor, we note that defendant would have been required to file his postconviction

petition by October 2, 1997 because it was the sooner date. See 725 ILCS 5/122-1(c) (West

2000). The only pleading filed within the relevant time period was defendant's Rule 471 motion

filed on August 20, 1997. Therefore, in order to survive the Act's timeliness requirements, the

record must demonstrate that the trial court recharacterized defendant's Rule 471 motion into a

postconviction petition or defendant must allege facts showing that he was not culpably negligent

for the untimely filing of his actual postconviction petition.

     We are not persuaded by defendant's argument that his conviction date should not have

been established until the conclusion of his <u>Krankel</u> remand because constitutional errors could

have occurred during that hearing. Defendant relies solely on <u>People v. Hager</u>, 202 Ill. 2d 143

(2002), to support his argument. We find <u>Hager</u> completely distinguishable, where the supreme

court determined that the Act's time period commenced when the defendant was resentenced,

rather than when the appellate court reversed his sentence and remanded the cause for

resentencing, because the "conviction" date, pursuant to the Act, is not established until the

defendant is convicted *and* sentenced. <u>Hager</u>, 202 Ill. 2d at 149-50. In the instant case, this court

affirmed defendant's convictions and sentence, and merely remanded defendant's case for a

<u>Krankel</u> hearing. See <u>People v. Trotter</u>, No. 1-95-0477. Consequently, defendant's "conviction"

date, for purposes of the Act, remained intact. See also <u>People v. Rissley</u>, 206 Ill. 2d 403, 415

(2003) (the Act's time limitations may require the filing of a postconviction petition before the

1-04-0992

conclusion of a defendant's direct appeal proceedings).

Although we acknowledge that defendant initially argued that the trial court

recharacterized his habeas corpus petition into a postconviction petition, we need not address the

merits of that claim where the pleading was filed outside the designated time frame, and,

therefore, could not be considered timely even if we determined that the trial court

recharacterized it.

We further determine that the trial court did not recharacterize defendant's Rule 471 as a

postconviction petition. At the outset, we note that, in order for defendant's 2001 *pro se*

postconviction petition to have survived the Act's timeliness requirements, the trial court must

have recharacterized the Rule 471 motion and the later postconviction petition then considered

its supplement. We find that defendant's contrived attempt to survive the Act's time restrictions

has failed. Most significantly, defendant fails to acknowledge the rule for recharacterizing

pleadings. A *pro se* pleading may be treated as a postconviction petition when it alleges a

constitutional violation cognizable under the Act. People v. Shellstrom, 216 Ill. 2d 45, 51

(2005). This rule has been applied to motions for a new trial (People v. Starks, 365 Ill. App. 3d

592 (2006)) and habeas corpus petitions (People v. Tiller, 361 Ill. App. 3d 803 (2005)); however,

a petition for transcripts pursuant to Rule 471 cannot be recharacterized as a postconviction

petition where it does not present a constitutional claim for relief (People v. Salgado, 353 Ill.

App. 3d 101, 105-06 (2004)). In the case at bar, defendant's Rule 471 motion did not present

facts alleging a constitutional violation. Consequently, the pleading could not be considered a

postconviction petition. Furthermore, we note that defendant's Rule 471 motion was not

-7-

1-04-0992

appropriately before the trial court because the rule expressly states that, *once a postconviction petition is filed,* then an indigent petitioner is entitled to a transcript of the proceedings resulting in his conviction. See 134 Ill. 2d R. 471. As the record demonstrates, defendant's postconviction petition was not filed prior to his Rule 471 motion.

Despite this, defendant argues that, after orally announcing to the trial court during his status hearings on the <u>Krankel</u> remand that the requested transcripts were necessary to support his claims of constitutional violations, the court demonstrated its intent to recharacterize his pleading by giving defendant a postconviction continuance date and appointing counsel. Defendant, however, completely disregards the fact that the court denied his Rule 471 motion on August 20, 1997; therefore, any future pleadings could not amend or supplement that motion. Further, we are unwilling to adopt defendant's argument that a trial court could effectively regard an oral pronouncement as a *pro se* postconviction petition. This exceeds the reach of the rule for recharacterization. Moreover, defendant cites to no authority which posits that a defendant can orally file a postconviction petition. As a result, this argument is waived. See 177 Ill. 2d. Rule 341 (h)(7).

We additionally find that defendant failed to allege facts demonstrating that he was not culpably negligent for the untimely filing of his *pro se* postconviction petition. An untimely petition is not subject to dismissal if the defendant's delayed filing was not due to his culpable negligence. See 725 ILCS 5/122-1(c) (West 2000). The supreme court, in <u>People v. Boclair</u>, 202 Ill. 2d 89 (2002), defined culpable negligence as "something greater than ordinary negligence and is akin to recklessness." <u>Boclair</u>, 202 Ill. 2d at 108. Although we acknowledge defendant's

-8-

1-04-0992

consistent efforts to obtain the desired transcripts, as the record contains numerous letters written

to prison officials, the clerk of the court, the official court of reporters, etc., his diligence does not

justify his failure to file the petition until nearly four years later than required. See People v.

Diefenbaugh, 40 Ill. 2d 73, 75 (1968). Rather, defendant should have indicated in his timely-

filed postconviction petition that the missing transcripts were necessary to support his claims.

See Diefenbaugh, 40 Ill. 2d at 75.

Furthermore, we find defendant's argument that the trial court misled him and prevented

him from filing his petition within the prescribed time period to be without merit. Essentially,

defendant attests that he repeatedly attempted to file his petition, but was prevented from doing

so. We disagree. While the court limited those scheduled proceedings before it at the time to the

Krankel remand, it also informed defendant that his constitutional claims must be raised in a

separate postconviction petition. Contrary to defendant's assertion, the court never incorrectly

advised defendant that he could not file a *pro se* postconviction petition until after the Krankel

hearing concluded. Rather, the trial court seemingly granted continuances in an effort to

encourage defendant to utilize the proper procedures for filing his postconviction claims. More

importantly, even if defendant successfully demonstrated that he relied on the trial court's

"erroneous" advice, this excuse does not explain why he failed to file his *pro se* postconviction

petition until three years after the conclusion of the Krankel hearing. Compare Rissley, 206 Ill.

2d at 421-22 (the supreme court found that the defendant was not culpably negligent where,

although he filed his *pro se* postconviction petition approximately 6 months late, he relied in

good faith on the affirmative, erroneous advice of his counsel); and People v. Hampton, 349 Ill.

1-04-0992

App. 3d 824, 828 (2004) (the defendant was found culpably negligent where he filed his *pro se* postconviction petition 56 months late and his attorney never advised him of the requisite time-period for filing the petition). Accordingly, we find that defendant was culpably negligent for his untimely-filed postconviction petition.

Despite the Act's timing requirements, defendant contends that his petition substantially showed that his trial counsel was ineffective for failing to present an alibi defense where two witnesses were available to testify in support of that defense. The State responds that defendant's claim is barred by the doctrines of *res judicata* or waiver.

As previously stated, the Act provides a method for defendants to challenge constitutional violations that occurred during their convictions or sentences. See 725 ILCS 5/122-1 *et seq.* (West 2000). A postconviction petition should proceed to an evidentiary hearing when, construing the facts liberally in favor of the defendant and in light of the trial record, the defendant makes a substantial showing of a violation of a constitutional right. People v. Broughton, 344 Ill. App. 3d 232, 236 (2003). However, the doctrines of *res judicata* and waiver bar postconviction relief for matters that have been or could have been previously adjudicated. Rissley, 206 Ill. 2d at 412.

In the instant case, we conclude that the trial court properly dismissed defendant's petition on the basis of *res judicata* or waiver. Defendant's claim of ineffective assistance of trial counsel for failing to interview specified witnesses and failing to present an alibi defense was before the trial court on remand following the initial appeal, and then also before this court on appeal. The trial court dismissed the claim following an investigation, and we affirmed. See

-10-

1-04-0992

<u>Trotter</u>, No. 1-98-2424. Accordingly, defendant's claim is barred by the doctrine of *res judicata* because the same allegation was disposed of subsequent to his direct appeal. See <u>People v. Chatman</u>, 357 Ill. App. 3d 695, 702 (2005).

We recognize that the doctrines of *res judicata* and waiver have been relaxed where the facts relating to a claim do not appear on the face of the original appellate record. <u>People v. Blair</u>, 215 Ill. 2d 427, 450-51 (2005); see also <u>People v. Orange</u>, 168 Ill. 2d 138, 167 (1995). Applying this, defendant argues that his claim was not barred by *res judicata* because he attached two petitions to his postconviction petition which were not in the original appellate record. Although we acknowledge that defendant unsuccessfully attempted to present affidavits to the trial court to "prove-up" his claim during the <u>Krankel</u> remand, defendant's claim of ineffective assistance for failing to present June Brown and Kiki Phillips as alibi witnesses remains barred by *res judicata*. During the <u>Krankel</u> remand, the trial court assessed defendant's claim by specifically investigating whether defendant's trial counsel was ineffective for failing to present the alibi testimony of Brown and Phillips. The trial court did not need the actual affidavits to make its determination because the court was aware that these specified individuals were willing to testify as alibi witnesses; therefore, the actual contents of the affidavits were of no consequence. *Cf*. <u>Orange</u>, 168 Ill. 2d at 167-68 (the defendant's claim of ineffective assistance of counsel for failing to present mitigating evidence was not barred by *res judicata* because the postconviction petition included 18 affidavits expressing the defendant's mitigating behaviors and personality traits not evident from the appellate record). Notwithstanding, even assuming *arguendo* that the trial court had the benefit of considering the affidavits, defendant cannot

-11-

1-04-0992

overcome the extremely deferential standard provided to attorneys making strategic trial

decisions. See <u>Strickland v. Washington,</u> 466 U.S. 668, 690-91, 80 L. Ed. 2d 674, 695, 104 S.

Ct. 2052, 2066 (1984).

Defendant next contends that he received ineffective assistance of postconviction

counsel. Specifically, defendant argues that his postconviction counsel was ineffective for failing

to ensure that his petition was timely-filed, and for failing to amend the petition to include an

additional alibi witness.

A defendant has no constitutional right to the assistance of postconviction counsel.

<u>People v. Davis,</u> 156 Ill. 2d 149, 162 (1993). However, the Act provides for the appointment of

counsel to indigent defendants if their petition survives the first stage of review. See 725 ILCS

5/122-4 (West 2000); <u>People v. Rials,</u> 345 Ill. App. 3d 636, 639-40 (2003). Consequently,

postconviction defendants are only entitled to the level of assistance provided by the Act, which

requires a reasonable level of assistance. <u>Rials,</u> 345 Ill. App. 3d at 641. The specific duties

required of postconviction counsel are outlined by Supreme Court Rule 651(c) (134 Ill. 2d R.

651(c)), such that the record must demonstrate that appointed postconviction counsel: (1)

consulted with the defendant to ascertain his constitutional violation claims; (2) reviewed the

record of proceedings at trial; and (3) made any amendments to the defendant's *pro se* petitions

necessary for an adequate presentation of his contentions. 134 Ill. 2d R. 651(c); <u>Rials,</u> 345 Ill.

App. 3d at 641.

We initially acknowledge the unique circumstances presented in the case before us. Here,

defendant's petition seemingly bypassed the initial stage of postconviction review and

-12-

1-04-0992

commenced at the second stage even prior to the filing of the actual petition. We also recognize that the trial court prematurely appointed postconviction counsel to "assist" defendant with his postconviction claims. Although the court did not identify what level of "assistance" it was requesting of the appointed counsel, the lack of such express instruction does not excuse appointed counsel's complete failure to provide any recognizable assistance to defendant. Notwithstanding, the record before us demonstrates that the timely filing of defendant's postconviction petition would not have altered the ultimate outcome, as previously determined.

In addition, we are not persuaded by defendant's argument that his postconviction counsel was unreasonable for failing to amend his petition to include another alibi witness, Paul Mingo. A postconviction attorney is only required "to investigate and properly present the *petitioner's* claims." (Emphasis in original.) Davis, 156 Ill. 2d at 164. Consequently, pursuant to Rule 651(c), the purpose of counsel's investigation is to ascertain whether any amendments to the existing petition are necessary to adequately present the defendant's contentions. See People v. Waldrop, 353 Ill. App. 3d 244, 250 (2004). Therefore, counsel is not required to amend the petition in every instance. People v. Turner, 187 Ill. 2d. 406, 412 (1999). Furthermore, "counsel has no duty to locate witnesses not specifically identified by the defendant." Rials, 345 Ill. App. 3d at 642.

In the instant case, defendant's postconviction counsel filed a Rule 651(c) certificate of compliance. No amendments were made to the petition because defendant already attached the affidavits of the two named witnesses purported to support the alibi defense. Although Paul Mingo may have ultimately perfected the alibi defense, his absence was not fatal to the petition.

-13-

1-04-0992

*Cf.* Turner, 187 Ill. 2d at 413 (postconviction counsel was ineffective where he failed to amend the defendant's petition to provide the essential elements of the defendant's claims, ultimately causing the petition's dismissal). Nevertheless, defendant listed Paul Mingo as an alibi witness in his initial posttrial motion;[4] therefore, even assuming *arguendo* that the postconviction petition was amended to include his name as a basis for defendant's ineffective assistance claim, the claim would have been barred by the doctrine of *res judicata* as similarly found with the other alibi witnesses. See Rissley, 206 Ill. 2d at 412.

In conclusion, we determine that the trial court properly dismissed defendant's *pro se* postconviction claim as untimely and otherwise barred by the doctrines of *res judicata* or waiver. Furthermore, we find that postconviction counsel provided reasonable assistance in accordance with the Act.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

GREIMAN, J., with THEIS, P.J., and KARNEZIS, J., CONCURRING.

---

[4]The posttrial motion, filed prior to defendant's sentencing hearing, which formed the basis for this court's Krankel remand.

Westlaw.

679 N.E.2d 385 (Table)                                                                                      Page 1
172 Ill.2d 565, 679 N.E.2d 385 (Table), 223 Ill.Dec. 200
**(Cite as: 172 Ill.2d 565)**

**H**
People v. Trotter
Ill. 1997.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned
"Supreme Court of Illinois Dispositions of Petitions
for Leave to Appeal":)
                    Supreme Court of Illinois
                              People
                                v.
                        Clarence Trotter
                          **NO. 82712**

                    MARCH TERM, 1997
                       Apr 02, 1997

Lower Court: No. 1-95-0477

Disposition: Denied.

Ill. 1997.
People v. Trotter
172  Ill.2d  565,  679  N.E.2d  385  (Table),  223
Ill.Dec. 200

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT B

Westlaw.

117 S.Ct. 2444                                                            Page 1
520 U.S. 1269, 117 S.Ct. 2444, 138 L.Ed.2d 203, 65 USLW 3814
**(Cite as: 520 U.S. 1269, 117 S.Ct. 2444)**


**H**
Trotter v. Illinois
U.S.,1997
U.S.ILL.
          Supreme Court of the United States
            Clarence TROTTER, petitioner,
                          v.
                     ILLINOIS.
                  **No. 96-8864.**


                   June 9, 1997.


Case below, 285 Ill.App.3d 1095, 237 Ill.Dec. 327,
709 N.E.2d 313.

**\*2444** Petition for writ of certiorari to the Appellate
Court of Illinois, First District, denied.

U.S.,1997
Trotter v. Illinois
520 U.S. 1269, 117 S.Ct. 2444, 138 L.Ed.2d 203,
65 USLW 3814

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT C

Westlaw.

731 N.E.2d 770 (Table)                                                              Page 1
189 Ill.2d 678, 731 N.E.2d 770 (Table), 246 Ill.Dec. 921
**(Cite as: 189 Ill.2d 678)**

**H**
People v. Trotter
Ill. 2000.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned
"Supreme Court of Illinois Dispositions of Petitions
for Leave to Appeal".)
                Supreme Court of Illinois
                        People
                           v.
                  Clarence Trotter
                    **NO. 89333**

                  MAY TERM, 2000
                   May 31, 2000

Lower Court: No. 1-98-2424

Disposition: Denied.

Ill. 2000.
People v. Trotter
189  Ill.2d  678,  731  N.E.2d  770  (Table),  246
Ill.Dec. 921

**END OF DOCUMENT**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT D



865 N.E.2d 976 (Table)                                                                                      Page 1
223 Ill.2d 677, 865 N.E.2d 976 (Table), 310 Ill.Dec. 256
**(Cite as: 223 Ill.2d 677)**

People v. Trotter
Ill. 2007.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned
"Supreme Court of Illinois Dispositions of Petitions
for Leave to Appeal".)
                    Supreme Court of Illinois
                             People
                               v.
                       Clarence Trotter
                          **NO. 104070**

                     MARCH TERM, 2007
                       March 28, 2007

Lower Court: No. 1-04-0992

Disposition: Denied.

Ill. 2007.
People v. Trotter
223  Ill.2d  677,  865  N.E.2d  976  (Table),  310
Ill.Dec. 256

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT E