# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel*.<br>CLARENCE CHARLES TROTTER,<br><br>Petitioner,<br><br>vs.<br><br>TERRY L. McCANN, Warden, Stateville<br>Correctional Center,<br><br>Respondent. | Case No. 08 C 2917 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1994, a Cook County judge convicted Clarence Trotter of murder, aggravated kidnaping, and residential burglary following a bench trial. Trotter has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss Trotter's petition as untimely. Trotter has moved the Court to hold his petition in abeyance pending the outcome of proceedings currently on appeal in state court. For the reasons set forth below, the Court denies Trotter's motion. The Court grants respondent's motion to dismiss in part and denies it in part.

## Background

Factual findings by the state court are presumed correct in a federal habeas corpus proceeding unless they are rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2005). Accordingly, the Court has taken facts from the Illinois Appellate Court's opinion where

appropriate.

Trotter was convicted in 1994. On direct appeal, the Illinois Appellate Court affirmed his conviction and sentence but ordered a limited remand so that the trial court could hold a hearing on Trotter's claim of ineffective assistance of counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1065 (1984). *People v. Trotter*, No. 1-04-0992, slip op. at 2 (Ill. App. Dec. 20, 2006).[1] The trial court ultimately ruled against Trotter on that issue, and the appellate court subsequently affirmed. *Id.* The Illinois Supreme Court denied Trotter's petitions for leave to appeal with respect to his original appeal from the 1994 conviction and his second appeal based on his ineffective assistance of counsel claim. *Id.* The latter of the two rulings by the Illinois Supreme Court was entered on May 31, 2000. *People v. Trotter*, 189 Ill. 2d 678, 731 N.E.2d 770 (2000).

From 1997 through 2000, while Trotter was pursuing his ineffective assistance of counsel claim on remand in the trial court and on appeal, he filed various motions in the state trial court. *Trotter*, No. 1-04-0992, slip op. at 2-4. The parties dispute whether the trial court treated those motions as claims for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* Trotter filed, *pro se*, a "Petition for Postconviction Relief/Alterative Relief from Judge of Conviction Instanter." *Trotter*, No. 1-04-0992, slip op. at 4. His counsel filed a "Partial Supplemental Postconviction Petition" twelve days later. *Id.* Trotter filed, again *pro se*, further "supplemental" petitions in the trial court on April 3, 2003 and January 8, 2004. *Id.*

---

[1]The unpublished order of the Illinois Appellate Court, issued pursuant to Illinois Supreme Court Rule 23, can be found at Exhibit A to McCann's motion to dismiss.

The state moved to dismiss Trotter's post-conviction proceedings as untimely. *Id.* at 4-5. The trial court ultimately dismissed Trotter's petition as untimely under Illinois law. *Id.* at 5. The Illinois Appellate Court affirmed that decision. *Id.* at 5-10. The court ruled that Trotter was required to file his post-conviction petition by October 26, 1997, but had failed to do so. *Id.* at 5-6. On March 28, 2007, the Illinois Supreme Court denied Trotter's petition for leave to appeal from that decision. *People v. Trotter*, 223 Ill.2d 677, 865 N.E.2d 976 (2007).

The docket reflects that the Clerk received Trotter's petition on May 20, 2008, but as best the Court can determine the petition is deemed to have been filed on May 14, 2008, when Trotter apparently placed it in the prison's mail system. 28 U.S.C. § 2254 Rule 3(d).

## Discussion

**1.    Trotter's motion to hold in abeyance**

Trotter requests that the Court stay proceedings on his petition for a writ of habeas corpus until the Illinois courts resolve a pending matter. In September 2007, Trotter "filed a motion with the Cook County Circuit court requesting that the court to 'put post-conviction petition back on call.'" Docket No. 18 at 1. The trial court denied the motion in December 2007. Trotter appealed that ruling. The appeal is still pending.

This Court has discretion to stay a habeas corpus proceeding. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). That discretion, however, should be utilized "only in limited circumstances." *Id.* at 277. In *Rhines*, the Supreme Court noted that a stay would typically be appropriate in the situation where a petitioner alleges multiple claims for

3

relief, some of which have not been exhausted in the state court. *Id.* at 274-78. Under those circumstances, a petitioner could initiate proceedings under section 2254 to prevent the statute of limitations from running on all claims, and a district court could stay that petition pending resolution by the state court of claims that were not yet exhausted. *Id.* at 278. This is not the situation in the current case. Trotter has not contended that a stay is necessary so that he can pursue unexhausted claims in the state court.

The Supreme Court also held that it would an abuse of discretion for a district court to grant a stay where a petitioner's claims are "plainly meritless." *Id.* at 277. In Trotter's case, the Illinois Appellate Court already affirmed the trial court's decision to reject his first post-conviction proceeding as untimely under Illinois law. *Trotter*, No. 1-04-0992, slip op. at 5-10. Trotter has not submitted anything to support that the Illinois courts will reach a different conclusion on the same question this time around. Nor has he claimed that the current proceedings in state court raise new or different issues. In short, based on the record before the Court, Trotter's current state court matter is plainly meritless. Moreover, even if the state courts are willing to entertain Trotter's most recent claims, that would not affect the timeliness of his habeas corpus petition. *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding . . . .").

In light of these circumstances, there is no good cause to hold Trotter's petition in abeyance. Accordingly, the Court denies Trotter's motion.

4

## 2. Timeliness of Trotter's petition

A one-year limitation period applies to an application for a writ of habeas corpus by a person convicted in a criminal proceeding in state court. 28 U.S.C. § 2244(d)(1). That one-year period runs:

> from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The limitation period set forth in section 2244(d)(1) does nor run during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." *Id.* § 2244(d)(2).

McCann contends that Trotter's petition is untimely because it was filed more than one year after the direct review of his conviction concluded and became final. As detailed above, Trotter's conviction, except for his ineffective assistance of counsel claim, became final in 1997. Trotter's ineffective assistance of counsel claim became final in 2000. Trotter filed his habeas corpus petition eleven and eight years after these respective dates.

Trotter responds that his petition is not untimely because the limitation period did

not run while he was pursuing post-conviction relief in the Illinois courts. If a state court rejects a post-conviction petition as untimely, however, that petition does not toll the limitation period in section 2244(d)(1). *Allen v. Siebert*, --- U.S. ---, 128 S. Ct. 2, 3-4 (2007) (per curiam); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) ("Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Though Trotter was pursuing post-conviction relief during the interim period in the state court, those petitions were untimely under Illinois law. *Trotter*, No. 1-04-0992, slip op. at 5-10. Accordingly, they did not toll the limitation period set forth in section 2244(d)(1), because they were not "properly filed." As a result, the period for Trotter to file the current habeas corpus petition had long since expired when he filed it on May 14, 2008. *Allen*, --- U.S. ---, 128 S. Ct. at 3-4; *Pace*, 544 U.S. at 414, 417.

Trotter spends a substantial portion of his response brief attempting to argue that the Illinois courts erred when they ruled his post-conviction petitions were untimely. This Court, however, cannot revisit those decisions. Federal courts "have no authority to second-guess a ruling based on state law." *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) (refusing to re-examine ruling by state court that post-conviction petition was not properly filed under state law). The Illinois courts determined that Trotter's post-conviction petitions were untimely. That decision is binding on this Court, and the result is that Trotter's petition to this Court is also untimely.

Trotter also contends that the limitation period under section 2244(d)(1) should be equitably tolled. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2)

some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Trotter is unable to establish either element.

First, Trotter has not shown that he pursued his rights diligently. As noted above, the limitation period to file a petition in federal court began to run in 2000. Trotter's failure to file a petition for another eight years does not reflect that he diligently pursued his rights. Even if the later date of March 2007 were used, Trotter has not explained why it look him over one year from that date to file his petition. Trotter claims that various books in the prison law library have pages torn out of them, that it takes weeks to Shepardize cases, and that he was unable to access the law library while the prison was on lockdown at various times in 2007. These facts do not save Trotter's claims because he does not contend that he was unaware of or misunderstood the statute of limitations set forth in section 2244(d)(1). Nothing in the record ties those alleged events to Trotter's ability to file a petition pursuant to 28 U.S.C. § 2254.

Similarly, Trotter has not shown that any extraordinary circumstances prevented him from filing his habeas corpus petition sooner. Trotter's only stated reason for failing to file his petition in 2000 was his erroneous belief that his state court post-conviction petition was properly filed. The Seventh Circuit, however, has consistently held that neither ignorance of the law nor bad (or incomplete) advice from a petitioner's counsel permits tolling. *See, e.g., Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Trotter has not identified any other obstacles that prevented him from filing the current petition for eight years.

7

Additionally, Trotter has not claimed that missing pages from books in the law library caused him to file late (e.g., there is no contention that the text of section 2244 or cases interpreting it were unavailable). Trotter has identified a total of 111 days that the prison was on lockdown between April 2007 and April 2008. Even if access to the law library was unavailable on those days, Trotter has offered no explanation as to why the other 255 days during that period provided insufficient law library access to enable him to complete his petition. In sum, though Trotter has identified several obstacles he encountered, he has not tied any of those obstacles to his ability to file his habeas corpus petition in a timely manner.

**3.    Supplemental claim for relief**

On September 3, 2008, Trotter filed a "Supplemental Habeas Corpus Issue." In that pleading, Trotter contends that he recently discovered that the prosecutors in the trial court withheld information about criminal charges pending against a prosecution witness at the time of Trotter's trial. Trotter correctly notes that prosecutors have an affirmative duty to turn over such information and that their failure to do so can give rise to a claim for relief under 28 U.S.C. § 2254. *See, e.g.*, *Crivens v. Roth*, 172 F.3d 991, 993, 996-98 (7th Cir. 1999) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

McCann contends that Trotter's supplemental *Brady* claim should be dismissed as untimely, because Trotter has not established when he learned of the basis for that claim and why he failed to learn of it at an earlier time. On the current record, however, the Court cannot determine that Trotter's *Brady* claim is untimely. The one-year limitation period for this claim did not begin to run until "the factual predicate of the

8

claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Trotter contends that he only recently discovered the information regarding the prosecution witness; respondent argues, primarily, that Trotter was not sufficiently diligent. A more complete record is required in order to evaluate whether the *Brady* claim is timely, and if it is, to evaluate its merits. Accordingly, the Court denies respondent's motion to dismiss with respect to Trotter's *Brady* claim.

**Conclusion**

For the reasons stated above, the Court denies petitioner's motion to hold his petition in abeyance [docket no. 18]. The Court denies respondent's motion to dismiss with respect to petitioner's "supplemental habeas corpus issue" but otherwise grants the motion [docket no. 11]. The Court directs respondent to answer petitioner's "supplemental habeas corpus issue" by March 26, 2009 and will set a date for petitioner to reply after reviewing respondent's answer.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 26, 2009