IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America *ex rel.* | ) | |
|---|---|---|
| CLARENCE CHARLES TROTTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 2917 |
| | ) | |
| TERRY L. McCANN, Warden, Stateville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1994, a Cook County judge convicted Clarence Trotter of murder, aggravated kidnapping, and residential burglary following a bench trial. Trotter has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent previously moved to dismiss on the ground that Trotter's claims were untimely. On February 26, 2009, the Court granted the motion to dismiss with respect to all claims contained in the habeas petition except petitioner's "supplemental habeas corpus issue." *U.S. ex rel. Trotter v. McCann*, No. 08 C 2927, 2009 WL 500630 (N.D. Ill. Feb. 26, 2009). Respondent has now moved to dismiss the supplemental claim on the ground that Trotter has not exhausted his state court remedies regarding that claim.

For the reasons stated below, the Court finds that Trotter has not exhausted his remedies in state court. The Court also notes, however, that the one-year filing period

1

for Trotter's federal habeas claims based on the supplemental issue would expire were the Court to dismiss that claim. For that reason, the Court denies the motion to dismiss and stays the current proceedings pending Trotter's pursuit of a second post-conviction petition in state court.

## Background[1]

On September 3, 2008, Trotter filed what amounts to an amendment to his habeas corpus petition. In that filing, Trotter stated that he had recently learned that the trial prosecutors in his case withheld information about criminal charges that were pending against a prosecution witness at the time of Trotter's trial. A prosecutor has an affirmative duty to turn over such information, and his failure to do so can give rise to a claim for relief under 28 U.S.C. § 2254. *See*, *e.g., Crivens v. Roth*, 172 F.3d 991, 993, 996-98 (7th Cir. 1999) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

McCann moved to dismiss all of the claims contained in Trotter's habeas petition, including the supplemental *Brady* claim. McCann argued that the supplemental *Brady* claim was untimely because the record did not establish when Trotter learned of the basis for that claim and why he failed to learn of it at an earlier time. The one-year limitation period on that *Brady* claim did not begin to run until "the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Court determined that it could not, on the basis of the record then available, determine that Trotter's *Brady* claim was untimely. For that reason, the Court denied McCann's motion to dismiss with regard to

---

[1]The Court presumes familiarity with the procedural history of this case, which can be found in the February 26, 2009 opinion previously cited.

that claim. The Court dismissed the other claims in Trotter's petition because they were untimely.

McCann has again moved to dismiss Trotter's *Brady* claim without prejudice under 28 U.S.C. § 2254(b)(1)(A). McCann argues that Trotter could pursue a second post-conviction petition under 725 ILCS 5/122-2 (f). McCann argues that because Trotter has not done so, he has failed to exhaust available remedies in state court.

## Discussion

**1.     Exhaustion**

An application for a writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting his relief on that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A district court has the option of denying such a claim on its merits. 28 U.S.C. § 2254(b)(2). But if a district court does not deny the claim on the merits, "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

Trotter has already filed one post-conviction petition in Illinois court. The trial court dismissed that petition as untimely, and the appellate court affirmed. *People v. Trotter*, No. 1-04-0992, slip op. at 2 (Ill. App. Dec. 20, 2006). In that proceeding, Trotter did not raise the *Brady* claim he has asserted in the present case.

Illinois law generally allows for only one post-conviction petition. 725 ILCS 5/122-1(f). The law allows successive post-conviction petitions, however, if a prisoner can demonstrate "cause and prejudice" to excuse his failure to raise a claim in his first post-conviction petition. 725 ILCS 5/122-1(f); *see also, People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E. 2d 609, 621 (2002). The Illinois Supreme Court has held that "the cause-and-prejudice test is the analytical tool that is to be used to determine whether fundamental fairness requires that an exception be made . . . so that a claim raised in a successive petition may be considered on its merits." *Pitsonbarger*, 205 Ill. 2d at 459, 793 N.E. 2d at 621.

For purposes of the cause and prejudice test, cause is defined as "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceeding." 725 ILCS 5/122-1(f). Trotter's current claim is based on facts he learned after the completion of his first post-conviction proceeding, which he says he did not learn earlier because prosecutors violated their affirmative duty to turn this information over to the defense. "A showing that the factual or legal basis for a claim was not reasonably available to counsel" is sufficient to demonstrate cause. *Pitsonbarger*, 793 N.E. 2d at 621, 793 N.E.2d at 622 (internal quotation marks and citation omitted).

Prejudice, for purposes of the cause and prejudice test, occurs when the error alleged by the petitioner "so infected the entire trial that the resulting conviction or sentence violates due process." *Id*. at 464, 793 N.E.2d at 624. "The suppression or withholding of impeachment evidence by the state . . . violates due process." *Crivens*, 172 F.3d at 996 (citing *Brady*, 373 U.S. at 87). McCann argues that Trotter's claim

4

satisfies the "cause and prejudice" test, meaning that Trotter could pursue a second post-conviction petition. Because Trotter has not filed a second post-conviction petition to pursue the *Brady* claim, McCann argues, he has not exhausted his state court remedies.

Trotter argues that he has exhausted his state remedies. In his first post-conviction proceeding, Trotter presented a *Brady* claim to the effect that prosecutors had withheld different information about the criminal history of the same witness at issue in his current claim. Trotter contends that this shows that he has exhausted his *Brady* claims in state court. McCann correctly notes, however, that the facts underlying Trotter's current *Brady* claim were not presented to the trial court in the earlier post-conviction proceeding. Specifically, Trotter currently alleges that prosecutors withheld information about a murder charge that was pending against a prosecution witness under an alias at the time the witness testified at Trotter's trial. This allegation was not included in Trotter's prior *Brady* claims raised in his first post-conviction proceeding.[2]

Even if Trotter's new *Brady* claim satisfies the cause and prejudice test to enable him to file a second post-conviction petition in state court, there is still a question of whether that petition would be timely under Illinois law. Illinois law requires post-conviction petitions be initiated within six months of the denial of a petition for leave to appeal or the date for filing such a petition if none is filed, or forty-five days after the

---

2 The Court notes that if, as Trotter suggests, the *Brady* claims he raised in the earlier proceeding were sufficient to satisfy the exhaustion requirement on this current claim, he would fare even worse. Trotter filed his habeas petition more than one year after the direct review of his conviction concluded and became final, and for that reason the Court dismissed all the claims except the current one as untimely. It is only because Trotter alleges that there are newly-discovered facts that his supplemental claim is not time-barred. 28 U.S.C. § 2244(d)(1)(D).

5

defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court, or three years from the date of conviction, whichever of those dates is sooner. 725 ILCS 5/122-1(c). Were Trotter to file a second post-conviction petition, it would fall outside these time limits.

Illinois law allows a post-conviction petition to be filed after the three-year statutory limit, however, if the petitioner alleges facts showing that the delay in filing was not due to his or her "culpable negligence. " *Id.* The definition of culpable negligence "is not precise." *People v. Gerow*, 388 Ill. App. 3d 524, 529, 903 N.E. 2d 770, 776 (2009). In cases applying the culpable negligence standard to post-conviction petitions filed after the statutory three-year window, "[m]any cases have found no culpable negligence even in significant delays in filing after the deadline." *Id.*

As discussed above, Trotter's current *Brady* claim is based on facts he alleges he did not learn until June 2008, after his first post-conviction proceeding had ended and well beyond the three-year limit on post-conviction petitions. Therefore, he could not have presented it in the earlier proceeding. This lack of knowledge of the factual basis for the claim seems likely to satisfy the "culpable negligence" standard. 725 ILCS 5/122-1(c).

The Court cannot be certain whether an Illinois court will agree and permit Trotter to file a second post-conviction petition. If it were clear an Illinois court would *not* hear a second petition, for example, because "resort to the Illinois post-conviction process . . . would be untimely" or there was no "judicial precedent indicating that the culpable negligence exception would be met," the Court could consider Trotter's claims exhausted and proceed to evaluate them on the merits. *Jones v. Washington*, 15 F.3d

6

671, 674 (7th Cir. 1991) (*overruled on other grounds by Hogan v. McBride*, 74 F.3d 144, 147 (7th Cir. 1996)). That is not the case here, however. Though the Court cannot be certain that an Illinois court will grant Trotter leave to file a second post-conviction petition, it likewise cannot be certain that an Illinois court will not do so.

Trotter argues that *Jones* supports his argument that the Court should reach the merits of his claim because he has exhausted his claims in state court. Trotter's case, however, presents materially different facts from those in *Jones*. In *Jones*, the plaintiff had already raised the claim at issue in a prior state proceeding, and there was no new information to suggest the culpable negligence exception would be met. Trotter, by contrast, advances a claim that he has never presented to a state court. Further, Illinois state courts have held that claims based on newly-discovered information can satisfy the culpable negligence exception, so there is precedent suggesting that Trotter might be able to raise his current claim in state court. *See, e.g., Gerow*, 388 Ill. App. 3d at 527, 903 N.E. 2d at 774. It is possible, therefore, that Trotter's claims will satisfy both the cause and prejudice test to permit the filing of a second post-conviction petition and the culpable negligence test to allow the filing of that petition outside of the three-year statutory window. Therefore, the Court cannot consider Trotter's state court remedies exhausted.

**2.    Stay**

More than a year has passed since Trotter filed his habeas corpus petition in this Court. The one-year statutory limitation on habeas corpus petitions is tolled during the pendency of state post-conviction proceedings, but there have been no such proceedings pending since Trotter filed in this Court. If the Court were to dismiss

7

Trotter's claims on exhaustion grounds, therefore, he would be unable to refile his habeas petition within the statutory time limit even if he corrected the defect by seeking a second post-conviction petition in state court. This would effectively make the Court's dismissal a final judgment. *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006).

The Supreme Court has held that a district court may stay federal proceedings while a petitioner proceeds in state court to exhaust his claims when there is "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Seventh Circuit has suggested that "particularly where there is some procedural uncertainty about the state court post-conviction proceeding," it may be appropriate for a petitioner to file in both federal and state court and ask the district court to stay the federal case until the state case concludes "to ensure that she does not miss the one-year deadline." *Dolis*, 454 F.3d at 725. When, as here, there is "reasonable confusion about whether a state filing would be timely," that confusion constitutes "good cause" for a petitioner to file in federal court and for a federal court to "stay further proceedings pending the complete exhaustion of state remedies." *Id.* Such stays should not be indefinite; "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

**Conclusion**

For the foregoing reasons, the Court denies the respondent's motion to dismiss [docket no. 30]. The Court stays the current proceedings, contingent upon Trotter's submission of a second post-conviction petition to the appropriate Illinois state court within forty-five days after this stay is entered, and on his returning to federal court

8

within thirty days after completely exhausting state court remedies, including appeals. If Trotter fails to comply with these requirements, the Court will dismiss his remaining claim. Trotter is directed to file a status report with this Court by no later than February 1, 2010, stating whether and when he has filed the necessary motion or petition in state court to file a second post-conviction petition, and providing the case number.

                                                                                _____
                                                                                 MATTHEW F. KENNELLY
                                                                                 United States District Judge

Date: December 11, 2009