# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE CHARLES TROTTER, | |
| Petitioner, | Case No. 08 CV 2917 |
| v. | Judge Mary M. Rowland |
| RANDY PFISTER, Warden, Stateville Correctional Center,[1] | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Petitioner Clarence Charles Trotter brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Most of Trotter's claims were previously dismissed on timeliness grounds, with the exception of a single claim which was stayed pending exhaustion of state remedies. (Dkt. 29, 51.) Upon conclusion of the state proceedings, the stay was lifted and briefing resumed. (Dkt. 94.) For the reasons stated below, the Court now denies habeas relief, and declines to issue a certificate of appealability.

## I. BACKGROUND

In 1994, a Cook County judge convicted Clarence Trotter of murder, aggravated kidnapping, and residential burglary following a bench trial. (Dkt. 100-8 at 4, *People v. Trotter*, No. 1-10-2081 (Ill. App. Ct. Oct. 24, 2012).) As detailed in previous opinions in this matter, Trotter appealed his conviction and sought post-conviction relief in the state courts. (*See* Dkt. 29, Mem.

---

[1] Trotter is in the custody of Warden Pfister, who is now the Warden of Stateville Correctional Center, where Petitioner is imprisoned. Pfister is therefore substituted as the respondent in this case. Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

1

Opinion & Order; dkt. 51, Mem. Opinion & Order.) He then petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1, Habeas Pet.) Trotter later amended his petition by filing a "Supplemental Habeas Corpus Issue," in which he added a new claim under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Dkt. 17, Supp. Issue.) Specifically, Trotter alleged that he had recently discovered that prosecutors had withheld information about the extent of prosecution witness Charles Coker's criminal history and the fact that certain criminal charges had been pending against Coker at the time he testified. (*Id.*) He supported his claim with two certified statements of conviction he said showed Coker's undisclosed additional convictions under aliases. (*Id*. at 5-12.) Trotter's initial habeas claims were subsequently dismissed on timeliness grounds (dkt. 29, Mem. Op. & Order), with the exception of his supplemental *Brady* claim which was later stayed so Trotter could return to state court to exhaust. (Dkt. 51, Mem. Op. & Order.)

Thereafter, Trotter filed a *pro se* motion for leave to file a successive postconviction petition in the Circuit Court of Cook County, arguing that he had been denied a fair trial because evidence of Coker's criminal history had been concealed from the defense and because the prosecutor knowingly allowed Coker to commit perjury by understating his criminal history. (Dkt. 100-5 at 1-21, Mot. to File.) According to Trotter, his motion was proper because he could not have discovered its factual predicate sooner and based on his claim of actual innocence. (*Id.*) He later supplemented his motion with an additional submission in which he argued that an investigator had interviewed Coker and learned that Coker had in fact received favorable treatment from prosecutors in exchange for his testimony against Trotter. (Dkt. 100-5 at 22-25, Supp. Postconviction Issue.) Attached to his filing was an undated memorandum from the investigator documenting his purported conversation with Coker. (*Id.* at 24-25.)

On March 20, 2010, the Circuit Court of Cook County denied Trotter's motion, finding that his evidence was insufficient to warrant a new trial and not of such character to change the result on retrial, and that he had failed to establish that he could not have discovered the materials earlier with the exercise of due diligence, or that the issue so infected the trial that his resulting conviction and sentence violated due process. (Dkt. 100-5 at 26-33, *People v. Trotter*, 86 CR 10969 (Cir. Ct. Cook County Mar. 20, 2010).) On June 16, 2010, the court denied Trotter's motion for reconsideration. (Dkt. 100-5 at 34-38, *People v. Trotter*, 86 CR 10969 (Cir. Ct. Cook County June 16, 2010).) Trotter appealed the decision, arguing that the failure to disclose that Coker had received favorable treatment in exchange for his testimony against Trotter violated his right to due process, and thus arguably met the cause and prejudice test. (Dkt. 100-6, Pet'r Brief and Arg.) The Illinois Appellate Court affirmed (dkt. 100-8 at 1-10, *People v. Trotter*, No. 1-10-2081 (Ill. App. Ct. Oct. 24, 2012)), and the Illinois Supreme Court denied Trotter's petition for leave to appeal. (Dkt. 100-9, *People v. Trotter*, No. 115174 (Ill. Mar. 26, 2014).)

Upon the conclusion of the state court proceedings, the Court lifted the stay and set a briefing schedule on Trotter's *Brady* claim. (Dkt. 94, Order.) Briefing resumed, and Trotter's subsequent motion to reconsider the dismissal of his other claims was denied. (Dkt. 113, Order.) The *Brady* claim is now ripe for resolution.

## II. DISCUSSION

According to Trotter, habeas relief is proper because prosecutors withheld evidence of Coker's alias convictions and allowed Coker to falsely testify that he had no pending criminal charges and no other convictions beyond those which he disclosed. (Dkt. 17, Supp. Issue at 1-2.) Respondent argues in opposition that Trotter's claim is time-barred and procedurally defaulted, and that, in any event, it fails on the merits. (Dkt. 99, Resp. at 12-22.) The Court declines to

3

consider the issue of timeliness because even if Trotter's *Brady* claim is timely presented, it fails both by procedural default as well as on the merits.

**A. Standards of Decision**

A writ of habeas corpus cannot be issued unless the petitioner demonstrates that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may only grant habeas relief if the state court's decision on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). The standard under Section 2254(d) is "difficult to meet," and "highly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quotations omitted); *accord Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir.), *cert. denied sub nom. Snow v. Nicholson*, 138 S. Ct. 2637 (2018) (internal quotations omitted).

Before seeking a writ of habeas corpus in federal court, a state prisoner must first give the state courts a full and fair opportunity to resolve any federal constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Snow*, 880 F.3d at 864. The exhaustion requirement not only requires that the broad claim be raised but also the legal arguments and operative facts supporting it. *McNary v. Lemke*, 708 F.3d 905, 919 (7th Cir. 2013). "Exhaustion serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights." *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Accordingly, a federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review.

*O'Sullivan*, 526 U.S. at 845; *Snow*, 880 F.3d at 864. In Illinois, a prisoner must include his claims in a petition for leave to appeal to the Illinois Supreme Court in order to fulfill his exhaustion requirement. *Snow*, 880 F.3d at 864.

Relatedly, a federal court may not reach the merits of "claims that the state court denied based on an adequate and independent state procedural rule." *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). Here too, where the state court declines to address a petitioner's habeas claim because the petitioner did not meet state procedural requirements, "principles of comity and federalism dictate against upending the state-court conviction, and instead, finding that the petitioner's claim is procedurally defaulted." *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016).

In order for a federal court to hear a procedurally defaulted claim, the petitioner must establish either: "(1) 'cause for the default and actual prejudice' or (2) 'that the failure to consider the claims will result in a fundamental miscarriage of justice.'" *Thomas*, 822 F.3d at 386 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *accord Davila*, 137 S. Ct. at 2064-65. "'Cause' is an objective factor external to the defense that impeded the presentation of the claim to the state courts." *Crutchfield*, 910 F.3d at 973. "A factor is 'external to the defense' only if it 'cannot fairly be attributed to' the prisoner." *Id.* (quoting *Coleman*, 501 U.S. at 750). A fundamental miscarriage of justice may be demonstrated where the petitioner shows "that a constitutional violation has probably resulted in the conviction of one who is actually innocent such that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence." *Thomas*, 822 F.3d at 386 (internal quotation omitted).

## B. Analysis

Trotter concedes that he procedurally defaulted his *Brady* claim based on Coker's alias convictions. (Dkt. 109, Reply at 21-22.) He first raised the claim in state court in his motion to file a successive postconviction petition which the state court denied on the basis that he had not met Illinois' statutory requirements for further post-conviction review. (Dkt. 100-5 at 1-21, Mot. to File Second Postconviction Pet.; dkt. 100-5 at 21-25, Supp. Postconviction Issue; dkt. 100-5 at 26-33, *People v. Trotter*, 86 CR 10969 (Cir. Ct. Cook County Mar. 20, 2010).) Trotter's appeal of that decision abandoned the claim based on Coker's purportedly undisclosed alias convictions, and argued only that Coker had received favorable treatment by prosecutors in exchange for his testimony against Trotter. (Dkt. 100-6, Appellant's Mem.) According to Respondent, Trotter also only made this argument in his unsuccessful petition for leave to appeal to the Illinois Supreme Court, a claim that Trotter does not deny. (*See* dkt. 99, Resp. at 17; dkt. 109, Reply.) In any event, however, because Trotter failed to present his claim based on Coker's alias convictions to the Illinois Appellate Court, he failed to provide the state court with one full round of review. *O'Sullivan*, 526 U.S. at 845; *Snow*, 880 F.3d at 864.

In addition, even if Trotter had not failed to exhaust his claim in state court, independent and adequate state grounds bar federal review of his claim. *See Coleman*, 501 U.S. at 729; *Woods*, 589 F.3d at 377. Under Illinois law, only one postconviction petition may be filed without leave of court, and any claim of substantial denial of constitutional rights that is not raised in the original or an amended petition is waived. 725 ILL. COMP. STAT. §§ 5/122-1(f), 5/122-3 (2008); *see also People v. Anderson*, 375 Ill. App. 3d 990, 1002 (2007) ("[I]n the context of a successive postconviction petition, the rule of waiver is not merely a principle of judicial administration, but, rather, an express requirement of the statute."). Leave of court to file a successive petition may

only be granted under Illinois law if the petitioner demonstrates cause for the initial failure to bring the claim and prejudice resulting from that failure. 725 ILL. COMP. STAT. § 5/122-1(f) (2008).

In denying Trotter leave to file his successive postconviction petition, the state court found that he had not met the statutory requirements of cause and prejudice to warrant further post-conviction review. (*See* Dkt. 100-5 at 29-33, *People v. Trotter*, 86 CR 10969 (Cir. Ct. Cook County Mar. 20, 2010).) As the Circuit Court of Cook County reasoned, Trotter had failed to establish that he could not have discovered the factual underpinnings of his claim earlier, his claim rested on unsupported allegations, and his evidence was not of the sort that suggested that the result would be different if he were retried. (*Id.* at 32-33.) The Illinois Appellate Court affirmed, and the Illinois Supreme Court denied his petition for leave to appeal. (Dkt. 100-8 at 1-10, *People v. Trotter*, No. 1-10-2081 (Ill. App. Ct. Oct. 24, 2012); dkt. 100-9, *People v. Trotter*, No. 115174 (Ill. Mar. 26, 2014). The state court's reliance on Trotter's failure to satisfy Illinois' statutory requirement of cause and prejudice constitutes an independent and adequate state procedural ground that bars this Court's review. *See, e.g., Thomas*, 822 F.3d at 385 (finding failure to show cause under state procedural rule for not raising *Brady* claim in first state post-conviction petition was an "adequate and independent state ground precluding federal habeas review"); *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009) ("[W]hen a state court resolves a federal claim by resting its decision on a state law ground independent of the federal question and adequate to support the judgment, we will not review the question of federal law.").

In efforts to avoid this result, Trotter argues that his procedural default should be excused because he tried to convince his postconviction appellate counsel to pursue his claim based on Coker's alias convictions, and when his efforts were unsuccessful he tried to raise it on his own. (Dkt. 109, Reply at 21-22.) He supports his argument with reference both to his rejected *pro se*

filing and correspondence with his appointed counsel demonstrating his efforts to have the claim heard. (Dkt. 105, Mot. Suppl. Record at 1-2.)

Based on well-settled law, however, the Court is constrained to reject Trotter's contentions. Even if counsel is to blame as Trotter suggests, "It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel." *Davila*, 137 S. Ct. at 2065. As the Seventh Circuit has explained, however, "[b]ecause there is no Sixth Amendment right to counsel on collateral review, attorney error in postconviction proceedings is not cause to excuse a procedural default." *Crutchfield*, 910 F.3d at 973 (citing *Davila*, 137 S. Ct. at 2065). No exceptions to this rule apply in Illinois given its unique procedural regime. *See id*. at 976-78.

In any event, to the extent that Trotter argues that the purported ineffectiveness of his postconviction appellate counsel excuses his default, any such claim is itself procedurally defaulted. *See Crutchfield*, 910 F.3d at 978 n.4. It is also unavailing because notwithstanding Trotter's disagreement with his counsel's strategy, the decision to pursue on appeal some arguments and not others is not a factor external to the defense. *Coleman*, 501 U.S. at 754. Moreover, despite Trotter's insistence that he was impeded through no fault of his own from fully exhausting his claim, this Court cannot agree. As his appellate counsel explained, counsel pursued only the arguments he believed had legal merit, and if Trotter disagreed with his counsel's strategy, he was free to ask the Illinois Appellate Court that his counseled submission be withdrawn and replaced with one that he or someone else drafted, or to claim that his counsel was ineffective. (*See* dkt. 105 at 36, Nov. 20, 2012 State App. Defender Letter.) Notably, the Supreme Court has echoed similar sentiments in observing that effective appellate counsel does not raise all nonfrivolous arguments but instead pursues only those most likely to succeed. *Davila*, 137 S. Ct. 2067

("Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court.").

Finally, to the extent that Trotter argues actual innocence and that his procedural default should be excused to avoid a fundamental miscarriage of justice, it too cannot succeed. "To demonstrate a fundamental miscarriage of justice, a petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent' such that 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence.'" *Thomas*, 822 F.3d at 386-87 (quoting with alteration *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). To meet this standard, Trotter must do more than assert his innocence; he must demonstrate "new, reliable evidence of his innocence." *Woods*, 589 F.3d at 377.

Trotter relies on the certified statements of Coker's purported aliases convictions and the investigator's letter about his conversation with Coker to support his claim that impeachment evidence was not disclosed to him at trial. (*See* dkt. 17, Supp. Issue; dkt. 109, Reply.) As the state court noted, however, the record neither establishes that Trotter could not have discovered this evidence earlier nor that it would have changed the result at trial. (*See* dkt. 100-5 at 32-33, *People v. Trotter*, 86 CR 10969 (Cir. Ct. Cook County Mar. 20, 2010).) As the Illinois Appellate Court noted, Coker's testimony was corroborated in all pertinent respects by another prosecution witness, forensic evidence demonstrated that the bullet removed from the victim was fired from a gun belonging to Trotter, the victim's electronic equipment was found in Trotter's home, and Trotter's fingerprint was found on a Coke can in the apartment where the victim was killed. (Dkt. 100-8 at 9, *People v. Trotter*, No. 1-10-2081 (Ill. App. Ct. Oct. 24, 2012.) Further, Trotter has not shown that the alias convictions in fact belong to Coker and thus he fails to establish that prosecutors withheld such evidence from him. Similarly, the investigator's letter does not establish that Coker

9

had additional charges pending against him or received favorable treatment for his testimony against Trotter, but only the investigator's hearsay statements of what he says Coker said to him. Accordingly, Trotter fails to establish that it is more likely than not that a jury would not have convicted him if he had impeached Coker with the evidence he now champions. *See Thomas*, 822 F.3d at 386-87.

For these reasons, Trotter is not entitled to the habeas relief he seeks.

**C. Certificate of Appealability**

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant has made a "substantial showing" where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Resendez v. Knight*, 653 F.3d 445, 446-47 (7th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the district court denies the habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *accord Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012). Because Trotter has not made such a showing, the Court declines to issue a certificate of appealability.

## CONCLUSION

For all of the reasons discussed above, Trotter's request for habeas corpus relief is denied, and the Court declines to issue a certificate of appealability. The Clerk is instructed to enter a judgment in favor of Respondent and against Petitioner. This case is closed.

ENTER: _____
MARY M. ROWLAND
United States District Judge

Dated: November 4, 2019